C. C. STEWART v. HILLEBRAND & GOLDSTEIN.

(No. 2030, Op. Book No. 2, p. 375.)

APPEAL from McLennan County. Opinion by QUINAN, J.

§ 1114. *Charge of court on weight of evidence; promise to pay debt of another.* Suit upon an open account for goods sold. Defense that the goods were sold to one Knoblock, and the credit given him and not to Stewart, and that Stewart had never promised in writing to pay for them. Verdict and judgment for plaintiff. The judge charged the jury, among other things, at the request of the plaintiff: "If, at the time of the purchase of the whisky, Stewart promised to pay for the same, and the credit was given to Stewart and not to Knoblock, then Stewart is liable, even if the promise is not in writing and the amount not charged to Stewart on the books. And further, the subsequent promise, if such was made, by Stewart to pay the debt is to be considered by the jury as matter supporting and sustaining the statement of plaintiff that the credit was given to Stewart." This charge is assigned as error, and is manifestly erroneous. It does not necessarily follow that because Stew-

art subsequently promised to pay the debt, if the whisky were furnished to Knoblock, that therefore it was furnished on Stewart's credit originally; and if this were a reasonable deduction, the jury must draw it for themselves without the interference of the court. The charge is very clearly a charge upon the weight of testimony, which the law forbids the court to give. [R. S. 1317.]

June 22, 1881.　　　　　　　Reversed and remanded.